# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE J. GRIFFIN,

    Petitioner,

    v.

KAREN HOGSTEN, *Warden,* FCI Allenwood,

    Respondent.

NO. 3:07-CV-00676

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Petitioner Willie J. Griffin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons stated below, this Court lacks jurisdiction to decide this Petition, and will dismiss it accordingly.

## **BACKGROUND**

On April 11, 2007, Mr. Griffin filed a 'Petition for Writ of Habeas Corpus' with this Court pursuant to 28 U.S.C. § 2241, challenging his sentence imposed on December 2, 1999, in the Northern District of Florida, as a result of a conviction for conspiracy with the intent to distribute cocain and cocaine base. Previously, Mr. Griffin challenged the constitutionality of his sentence to the Eleventh Circuit Court of Appeals, and that circuit court issued an opinion on April 19, 2001, upholding the sentence imposed by the district court.

Petitioner has previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 with the sentencing court, and appealed the denial to the Eleventh Circuit Court of Appeals and sought a writ of certiorari from the United States Supreme Court.

He has been denied relief by all of these courts.

## DISCUSSION

Habeas corpus petitions brought under section 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to section 2241 petitions under Rule 1(b)). *See e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970). A district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen*, 424 F.2d at 141.

A challenge to the validity of a federal conviction or sentence is typically made pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). As such, Mr. Griffin's proper avenue for relief is a section 2255 motion, filed in the district court in which he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless Mr. Griffin can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." *Okereke*, 307 F.3d at

120; 28 U.S.C. § 2255 ("[a]n application for a writ of habeas corpus on behalf of a prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention").  As has been stated previously, Mr. Griffin has already filed a § 2255 petition challenging the constitutionality of his sentencing, and been denied relief thereupon.

The United States Court of Appeals for the Third Circuit has stated that section 2255 is "inadequate or ineffective", thereby allowing for a section 2241 petition, only when it is established " 'that some limitation of scope or procedure' prevents a movant from receiving an adjudication of his claim." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (2002).  "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative. . . ."  *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added).  Section 2241 should not be used as a way of evading the gate-keeping provisions of section 2255.  *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

In the present Petition, Mr. Griffin claims that the sentencing court's reliance upon his prior conviction for simple possession of cocaine–which he alleges was erroneously considered a felony under the Controlled Substances Act–resulted in the enhancement of his sentence beyond the statutory maximum allowed by 21 U.S.C. § 841(b)(1)(C).  The Petitioner alleges that he can utilize the Post Conviction Relief Act's "savings clause" when a court decision alters the prevailing interpretation of a statute and makes clear that his conduct did not violate the statute.  Mr. Griffin further alleges that a petition pursuant to § 2255 is inadequate here, because the Supreme Court precedent upon which he relies in this Petition–particularly *Apprendi v. New Jersey*, 530 U.S. 466 (2000)–was issued after the Petitioner had exhausted his post-conviction remedies.

3

Unlike the intervening law in *In re Dorsainvil*, however, the decisions in *Apprendi* and *Booker* did not decriminalize the conduct for which Mr. Griffin was convicted. *See Okereke*, 307 F.3d at 120-21 (finding § 2255 not "inadequate or ineffective" where petitioner sought to raise claim challenging sentencing based on the intervening decision in *Apprendi*); *see also Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005) (finding that a § 2241 petition based on the intervening decision in *Booker,* 543 U.S. 220 (2005) does not fall within the "savings clause" of § 2255). Therefore, Mr. Griffin has failed to demonstrate that § 2255 would be an "inadequate or ineffective" remedy, and this Court has no jurisdiction to decide the present Petition pursuant to § 2241. *Accord Hazard v. Samuels*, 206 Fed. Appx. 234, 236 (3d Cir. 2006).

### CONCLUSION

For the reasons stated above, the Court will dismiss Petitioner Willie J. Griffin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).

April  17 , 2007                              /s/ A. Richard Caputo
                                                              A. Richard Caputo
                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIE J. GRIFFIN, | |
| Petitioner, | NO. 3:07-CV-00676 |
| v. | (JUDGE CAPUTO) |
| KAREN HOGSTEN, *Warden,* FCI Allenwood, | |
| Respondent. | |

## **ORDER**

**NOW**, this  17th  day of April, 2007, **IT IS HEREBY ORDERED** that:

(1) Petitioner Willie J. Griffin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

(2) The Clerk of the Court is directed to mark this case as **CLOSED**.


       /s/ A. Richard Caputo
       A. Richard Caputo
       United States District Judge