# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE J. GRIFFIN, JR.,

    Petitioner,

v.

KAREN HOGSTEN, *Warden*, FCI ALLENWOOD,

    Respondent.

NO. 3:07-CV-0676

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Petitioner Willie J. Griffin, Jr.'s motion for reconsideration (Doc. 4), in response to the Court's memorandum and order of April 17, 2007, denying Petitioner's petition for writ of habeas corpus pursuant to Title 28 of the United States Code, section 2241. For the reasons stated below, this motion will be dismissed.

## BACKGROUND

On April 11, 2007, Mr. Griffin filed a 'Petition for Writ of Habeas Corpus' with this Court pursuant to Title 28 of the United States Code, section 2241, challenging his sentence imposed on December 2, 1999, in the United States District Court for the Northern District of Florida, as a result of a conviction for conspiracy with the intent to distribute cocain and cocaine base. Previously, Mr. Griffin challenged the constitutionality of his sentence to the United States Court of Appeals for the Eleventh Circuit, and that circuit court issued an opinion on April 19, 2001, upholding the sentence imposed by the district court.

Petitioner has previously filed a petition for writ of habeas corpus pursuant to Title 28 of the United States Code, section 2255 with the sentencing court, and appealed the denial of that petition to the Eleventh Circuit Court of Appeals. He also has sought a writ of certiorari from the United States Supreme Court. Petitioner has been denied relief by all of said courts.

By memorandum and order dated April 17, 2007, this Court dismissed the petition for writ of habeas corpus pursuant to section 2241 for lack of jurisdiction. (Doc. 3.) Petitioner now seeks reconsideration of this section 2241 habeas corpus petition.

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already

argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

In his petition for writ of habeas corpus pursuant to section 2241, Petitioner attempts to challenge the validity of his federal sentence, imposed by the district court in Florida, in this Court, because he is incarcerated within this judicial district. The Court previously determined that Mr. Griffin's proper avenue for relief is a petition under Title 28, United States Code, section 2255, in the district court in which he was convicted, unless he can show that the remedy under this section would be "inadequate or ineffective to test the legality of his detention." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ("[a]n application for a writ of habeas corpus on behalf of a prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention").

The Court previously determined that Mr. Griffin had failed to established that section 2255 is "inadequate or ineffective" to test the legality of his detention, and he has

likewise failed to establish such inadequacy or ineffectiveness at this time.  The Court will decline to alter its Order of April 17, 2007, in which we found no jurisdiction to entertain the Petitioner's section 2241 petition.  Therefore, the present motion for reconsideration will be dismissed.

## CONCLUSION

For the reasons stated above, the Court will dismiss Petitioner Willie J. Griffin, Jr.'s motion for reconsideration.  (Doc. 4.)

An appropriate order follows.


June   21  , 2007                              /s/ A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIE J. GRIFFIN, JR., | |
| Petitioner, | NO. 3:07-CV-0676 |
| v. | (JUDGE CAPUTO) |
| KAREN HOGSTEN, *Warden*, FCI ALLENWOOD, | |
| Respondent. | |

### ORDER

**NOW**, this   21ˢᵗ   day of June, 2007, **IT IS HEREBY ORDERED** that:

(1)   Petitioner Willie J. Griffin, Jr.'s Motion for Reconsideration (Doc. 4) is **DISMISSED**.

(2)   The Clerk of the Court is directed to mark this case as **CLOSED**.


         /s/ A. Richard Caputo
         A. Richard Caputo
         United States District Judge